Johnson, C. J. delivered the opinion of the court. The record and assignment of errors present several questions for the consideration and decision of this court. We will consider the objections in the order stated in the assignment of errors. The first objection urged is that the circuit court erred in refusing to quash the indictment upon the ground that a Christian name alone appears after the alias dictus. We. deem it unnecessary to enter upon a discussion of the merits of this objection, as the fact set up,. If true, could not have been reached by a mere motion'; but would have required a regular plea in abatement. The court Could not know judicially whether Santa Anna was a Christian or síir-náme, or whether it did not include both. This'is a matter entirely de-hors the record, and if the party desired to take advantage óf it he should have brought the matter before, the court by an appropriate plea. If it amounts to any thing, it is a misnomer, and misnomers are only pleadable in abatement. The next objection is that the court permitted the fifty dollar bill exhibited in the bill of exceptions to be read to the j ury. This directly raises the question, whether it is necessary to set out the.instranent in hcsc verba„ or whether the substance is not sufficient for the purposes of the law. The object of setting out the instrument, is that the 'court may see and be able to form1 an opinion, whether it be that which it is alleged to be* and whether it falls within the statute or la;w upon which the indictment is founded. It is not necessary to set forth any copy or fac simile thereof, but it is sufficient to describe the instrument in such manner as to give it identity- It is clear,, from a Comparison of the instrument offered in evidence with the one described in the indictment, that they are ©ne and the same,, and therefoi’e there is no variance. The third assignment only revives the questions raised by the motion, consequently it is not necessary ágáin to consider them. The last point made, and the one upon which the case must' turn,, is that the indictment is fatally defective in failing to give a sufficient description of the offence. The indictment’was framed upon the fourth section of an Act passed in 1838, entitled “An act modifying the Penal Code to correspond with the establishment of a Penitentiary.” The clause of the section, upon which the indictment is founded, provides that whoever “shall fraudulently keep in possession or conceal any fictitious instrument purporting to be a bank bill, note, check or draft of any corporation, company or person, whether the same be filled up and complete or not, though no such corporation, company or person exist, “shall be imprisoned in said jail and penitentiary,” &c. It is contended that the charge is not sufficiently specific as it does not aver that he had it in possession with intent to utter or pass it. This indictment does not charge the offence contemplated in the fourth section of the act of 1838, with sufficient certainty. The possession of fictitious bank notes with intent to impose them on the community as good money, constitutes the essence of the offence intended to be punished. The indictment ought to have so charged it, for where the evil intent constitutes a material part of the offence, it ought to be charged. 1 Ch. Crim. L. 233, 245. 6 East 474. 4 T. Rep. 129. In the case of Fergus vs. The State, 6 Vol. Y. Rep. p. 352, it was ruled by the supreme court of Tennessee, and that too upon a statute of which ours is an exact copy, that the intent to commit a fraud by passing the counterfeit notes must still be charged, though it may be charged generally without specifying any particular person, corporation or company intended to be defrauded. Such was the-opinion’of that court, notwithstanding the 73d section of their act, which provided that in all prosecutions for offences under it, where the fraudulent possession or concealment of the thing constitutes the offence, it shall be sufficient to allege in the indictment that the party charged fraudulently possessed or concealed such thing without charging or proving that any particular person, corporation or company was intended to be defrauded. If the law requires the intent to be charged where the statute expressly dispenses with the necessity of alleging that the party intended to pass upon any particular person, corporation, or company, a fortiori would it be necessary where the statute is silent upon the subject. For this defect the indictment is ill, and consequently the judgment founded upon it is irregular and void. The judgment must be arrested and the prisoner remanded to be further proceeded against according i© law.' Judgment reversed.